O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DENISE M. FOX,                        )        CASE NO. CV 11-01254 RZ
                                      )
                    Plaintiff,        )
                                      )        MEMORANDUM OPINION
          vs.                         )        AND ORDER
                                      )
MICHAEL J. ASTRUE, Commissioner       )
of Social Security,                   )
                                      )
                    Defendant.        )
_____)

          The Administrative Law Judge found that Plaintiff suffered several
impairments that were severe:  she had "recurrent MRSA staph dermatitis, stress, anxiety
and depression."  [AR 22]  In this Court, Plaintiff focuses largely on the effect of her
mental impairments.  The Commissioner hired a psychiatrist, Keith Whitten, to perform
a consultative examination, and then the Administrative Law Judge determined that the
psychiatrist's opinion was not to be believed.  [AR 25]  If the opinion of an examining
physician is uncontroverted, the ALJ must provide clear and convincing evidence before
rejecting it.  *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001); *Aukland v.
Massanari*, 257 F.3d 1036 (9th Cir. July 23, 2001).  The Administrative Law Judge's
reasons do not satisfy this standard, or the lesser standard of providing "specific and
legitimate" reasons for disbelieving the expert.

Dr. Whitten found that Plaintiff could not manage her own funds, and also found that she would not be able to accept instructions from supervisors, not be tolerant of customers, not able to interact with coworkers without being sidetracked or distracted, not be able to complete a work week without interruptions from her psychiatric symptoms, not able to deal with the usual stressors encountered in a competitive work environment and, although perhaps able to perform work activities on a consistent basis, not be able to maintain regular attendance. [AR 302] On the American Psychiatric Association's Global Assessment of Functioning Scale, he gave Plaintiff a rating of 28 [AR 301], which falls in the category of "behavior is considerably influenced by delusions or hallucinations OR serious impairment in communication or judgment . . . OR inability to unction in almost all areas . . . ."  AMERICAN PSYCHIATRIC ASSOCIATION, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS (DSM-IV) (1994) AT 32.

The Administrative Law Judge decided not to credit these assessments because:  (1) Plaintiff's treating physician Dr. Roth reported that there was no indication of signs or symptoms or a mental impairment during treatment; (2) Plaintiff denied a history of treatment from a mental health professional and is taking no psychotropic medications; (3) Dr. Whitten's opinion is not reasonably well supported by the medical findings and is inconsistent with the overall evidence in the file; and (4) Plaintiff's attorney stated that there is no indication of mental impairment.

The first and fourth reasons are not convincing or legitimate.  The Administrative Law Judge himself found that Plaintiff had the severe impairments of stress, anxiety and depression [AR 22]; evidently, whatever the attorney appearing at the hearing said (no citation is given) was not persuasive, and Dr. Roth, the treating  physician after seeing her initially only for physical symptoms, said just the opposite, at least once he got to know Plaintiff and had reviewed her records.  [AR 564 *et seq.*]

The second reason also is unconvincing.  The fact that an impoverished claimant has not been treated by a mental health professional does not gainsay the possibility or likelihood that she might suffer from mental impairments that would

seriously limit her ability to function.  The case law recognizes that a person need not visit a psychiatrist in order to receive mental health treatment; "it is well established that primary care physicians (those in family or general practice) 'identify and treat the majority of Americans' psychiatric disorders.'" *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citations omitted).  And, Plaintiff *was* taking psychotropic medications.  Indeed, she told the Administrative Law Judge at the hearing that she was taking Klonopin [AR 46] and Risperdal (or Risperidone) [AR 47].

The Administrative Law Judge's third, remaining reason, for not believing Dr. Whitten was amorphous — that Dr. Whitten's assessment was "not reasonably well supported by the medical findings and is inconsistent with the overall evidence in file." [AR 25]  He did not specify the "overall evidence" with which the opinion was inconsistent, but it is clear that he is wrong.  The record contains a long list of medications to address Plaintiff's psychiatric issues [AR 419-20, 425-26, 429-30, 445, 454, 456], and evidence of medical signs that she suffered from mental impairments.  [AR 425-27, 443-45]

Plaintiff also asserts that the Administrative Law Judge wrongly discredited the opinion of her treating physician Dr. Roth.  While it is not clear which opinions of Dr. Roth the Administrative Law Judge did not accept, it *is* clear that he thought some of Dr. Roth's opinions were suspect, because he adopted a residual functional capacity based on a state agency evaluation, rather than the capacity that Dr. Roth found.  [AR 26]  He did not give reasons why the state agency doctors' assessments were preferable; but he did give reasons that he did not like something about Dr. Roth's opinions.

Thus, he said that there were inconsistencies throughout Dr. Roth's report, that Dr. Roth gave an attorney's form to Plaintiff to complete and appeared to rely heavily on Plaintiff's complaints, and that Dr. Roth's treatment has not been consistent "with what one would expect if the claimant were truly disabled, as the doctor has reported."  [AR 26] The supposed inconsistencies appear to be that, in the Administrative Law Judge's view, there were no objective signs of mental impairment or fibromyalgia despite the diagnoses.

Fibromyalgia, of course, does not have objective manifestations, but that does not prevent its being diagnosed. *Benecke v. Barnhart*, 379 F.3d 587, 589 (9th Cir. 2004). As for the mental impairment, it bears repeating that the Administrative Law Judge himself found that Plaintiff did suffer from mental impairments. [AR 22] The state agency doctors' evaluations, to which the Administrative Law Judge referred, did not evaluate Plaintiff's mental capacity [AR 26, citing AR 292 and AR 406] nor did they take into account the impact of Plaintiff's mental status on her physical capability, as did Dr. Roth. [AR 565] A treating physician's opinion is to be preferred over that of a consulting physician, *Aukland v. Massanari*, 257 F.3d 1033, 1036 (9th Cir. 2001), and the Administrative Law Judge's stated reasons are not a legitimate basis for rejecting Dr. Roth's assessment.

Plaintiff's final argument is that the Administrative Law Judge wrongly found her not to be credible. Using boilerplate language that appears in every administrative decision that the undersigned has reviewed over the past two or three years, the Administrative Law Judge stated that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity." [AR 27] The Administrative Law Judge then identified supposed inconsistencies in Plaintiff's testimony that not only are nit-picking, but misstate what Plaintiff said. Plaintiff did not describe extended daily activities; the dog-walking she does daily, for example, is simply to take the dog across the street; watching TV is hardly an activity that belies an ability to function in the work place. The Administrative Law Judge must specifically identify what testimony is credible and what testimony undermines the claimant's complaints. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *Varney v. Secretary of Health and Human Services*, 846 F.2d 581, 584 (9th Cir. 1988). The Administrative Law Judge has not complied with this standard.

///

///

///

In accordance with the foregoing, the decision of the Commissioner is reversed.   The matter is remanded for proceedings consistent with this memorandum opinion.

IT IS SO ORDERED.


DATED:   January 25, 2012



_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE